UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER JAMES, et al., | No.  1:25-cv-01399-JLT-SAB (PC) |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| NAOMI PELAYO, | (ECF No. 17) |
| Defendant. | |

Currently before the Court is Naomi Pelayo's ("Defendant") motion to dismiss Ronnie Bell and Jennifer James (collectively referred to as "Plaintiffs"), complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  (ECF No. 23.)

The Court heard oral argument on March 4, 2026.  (ECF No. 26.)  Counsel Joran Phillips appeared by video for Plaintiffs, and counsel Matthew Grace appeared by video for Defendant. (Id.)  Based on the moving and opposition papers, the hearing held on March 4, 2026, as well as the Court's record, for the reasons explained herein, the Court recommends Defendant's motion to dismiss be granted.

---

[1] Plaintiff Ronnie Bell is a surviving natural brother of Decedent Donald Bell, and Plaintiff Jennifer James is a surviving natural sister of Decedent.

1

## I.

## BACKGROUND

This action is currently proceeding against Defendant Naomi Pelayo for deliberate indifference to a substantial risk of serious harm in connection with a motor vehicle accident on October 18, 2023.[2]

According to the complaint, at approximately 7:55 am, on Wednesday, October 18, 2023, decedent Donald Bell was riding as a passenger in a 2020 Ford Transit Van, license number 1620347 (hereinafter referred to as the "subject van"), which was driven by Defendant Pelayo, while acting within the course and scope of her employment with California Substance Abuse treatment Facility and State Prison, Corcoran, and California Corrections and Rehabilitation. (Compl. at ¶ 21.)

At or around this time, the subject van was travelling northbound on the single lane SR-43 highway, roughly 0.83 miles north of Nevada Avenue, in an unincorporated City in the County of Kings, California, in route to transport Decedent Donald Bell to a medical appointment. At or around that time, Defendant Pelayo attempted to overtake a tractor-trailer which was also heading northbound on SR-43 highway and was travelling directly in front of the subject van (hereafter referred to as the "subject tractor-trailer"). Defendant Pelayo navigated the subject van into the southbound lane of traffic while another vehicle was approaching from the southbound direction towards the subject van. Defendant Pelayo attempted the overtake the subject tractor-trailer which was also heading northbound on SR-43 highway and was traveling directly in front of the subject van. Defendant navigated the subject van into the southbound lane of traffic and increased her speed well over the speed limit to attempt to overtake, while subject tractor-trailer remained also driving over the speed limit on cruise control. (Compl. at ¶ 28.) Defendant swerved the subject van back into the northbound lane to avoid a head-on collision with the southbound vehicle before she was able to fully and safely overtake the subject tractor-trailer. (Compl. ¶ 22.) As a

---

[2] On February 23, 2026, pursuant to the parties' stipulation, the Court dismissed Plaintiff's second, third, fourth, and fifth causes of action, resulting in the motion to dismiss filed by Defendants California Substance Abuse Treatment Facility and State Prison, Corcoran; California Department of Corrections and Rehabilitation; and the State of California being terminated as moot. (ECF No. 22.)

result, the subject van impacted the front left region of the subject tractor-trailer on the subject van's back right side.  (Compl. at ¶ 22.)  This impact caused defendant Pelayo to lose control of the subject van, and it proceeded off the eastern edge of the highway, where it began to roll. The subject van rolled multiple times and eventually came to a rest in a dirt area off the eastern edge of the highway (hereinafter "subject incident").  (Compl. at ¶ 22.)

Decedent sustained catastrophic injuries and was transported to Adventist Medical Center Hanford hospital for treatment. (Compl. at ¶ 23.)  He was discharged approximately two days later and returned to the California Substance Abuse Treatment Facility and State Prison, Corcoran. (Compl. at ¶ 23.)  Over the following eight days, Decedent did not receive necessary medical treatment. (Compl. at ¶¶ 24-25.) Decedent died on October 29, 2023, from complications due to injuries sustained in the incident. (Compl. at ¶¶ 25, 34.)

Based on this incident, Plaintiffs allege Defendant violated the Eighth Amendment in her acts and omissions in transporting Decedent, leading up to and during the subject incident, which created a substantial risk of serious harm to Decedent. (Compl. at ¶ 28.)

On January 28, 2026, Defendant filed the instant motion to dismiss.  (ECF No. 17.) Plaintiffs filed an opposition on February 11, 2026, and Defendant filed a reply on February 23, 2026.  (ECF Nos. 20, 24.)

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  The pleading standard under Rule 8 of the Federal Rules of Civil Procedure does not require " 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 555 (2007)).  In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true.  Iqbal, 556 U.S. at 678-79.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.  To avoid a dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply.  First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief.  Starr, 652 F.3d at 1216.  "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  Navarro, 250 F.3d at 732 (citing Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988)).

### III.

### DISCUSSION

**A.     Deliberate Indifference to Substantial Risk of Injury**

Deliberate indifference to a prisoner's health or safety needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). A defendant violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Negligence, or even gross negligence, does not violate the Eighth Amendment. See Toguchi, 391 F.3d at 1060-61; Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002).

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law. West v. Atkins, 487 U.S. 42, 48 (1988).  Defendant disputes the first element of § 1983 claim because no constitutional violation occurred on the facts alleged.

Defendant contends that the complaint does not allege any facts other than a single negligent act of Defendant in transporting Decedent to his medical appointment.  Defendant attempted to overtake and pass a tractor-trailer, which is an otherwise legal and permissible act when performed with due care.[3]  In addition, because the complaint alleges that the driver of the tractor-trailer was driving over the speed limit on cruise control, both Defendant and the driver of the tractor-trailer were negligent, and Defendant cannot be deliberately indifferent to Decedent since a third-party's negligent contributed to (or even caused) the incident.  In the alternative, Defendant argues she is entitled to qualified immunity.

Defendant argues that the reasoning of Parratt v. Taylor, 451 U.S. 527, 544 (1981), applies in this case because plaintiff-prisoners cannot seek to hold an official liable under § 1983 for injuries sustained in a car accident: "Under this rationale any party who is involved in nothing more than automobile accident with a state official could allege a constitutional violation § 1983." See also Hill v. Shobe, 93 F.3d 418, 420-21 (7th Cir. 1996) (quoting Parratt and dismissing claim that police officer is liable under § 1983 for reckless driving that resulted in fatal car crash).

Defendant also relies on Carrasquillo v. City of New York, 324 F.Supp.2d 428 (S.D. New York), in which a prisoner's § 1983 complaint against the city for injuries sustained during a bus accident was dismissed based on the following reasoning:

---

[3] California Vehicle Code section 21750(a) states: "The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left at a safe distance without interfering with the safe operation of the overtaken vehicle, subject to the limitations and exceptions set forth in this article." California Vehicle Code section 21751 states: "On a two-lane highway, no vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless the left side is clearly visible and free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction."

> First, Plaintiff alleges that the bus driver, unserved Defendant John Doe, by causing Plaintiff's injuries, violated Plaintiff's Eight Amendment rights. But neither the Constitution, nor any federal statute guarantees a prisoner's right to non-negligent driving by government employees. Such claims fall under the purview of state tort law, not § 1983. The Supreme Court held in [*Daniels v. Williams*, 474 U.S. 327 (1986)] where an inmate sued a police officer under § 1983 for negligently inflicting injuries, that the Due Process clause would be "trivialized" if it were extended to cover injuries caused by the negligent action of state officials. *Id*. at 332. Section 1983 claims are therefore "not to be used to duplicate state tort law at the federal level." *Washington v. District of Columbia*, 256 U.S. App. D.C. 84 (D.C. Cir. 1986).

> Plaintiff alleges that Defendant Doe was reckless, not merely negligent, when he drove at an excessive speed in icy road conditions. But this adds nothing of legal significance to Plaintiff's claim. The Seventh Circuit held in *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996), that "allegations of a public official driving too fast for the road conditions are grounded in negligence, not criminal recklessness" (citing *Apodaca v. Rio Arriba Cty. Sheriff's Dep't*, 905 F.2d 1445, 1446-47 (10th Cir. 1990).) Furthermore, deaths and injuries resulting from a state employee's lack of due care do not implicate the Constitution. *Id*. (citing *Davidson v. Cannon*, 474 U.S. 344, 347 (1986.)

Carrasquillo, 324 F.Supp.2d at 436.

Plaintiffs counter that the complaint alleges more than a routine "car accident" case. Plaintiffs allege that Defendant made a conscious driving decision that created an immediate, obvious, and extreme risk of catastrophic harm: she intentionally pulled a prison transport van into the oncoming lane of a two-lane highway, accelerated well above the speed limit in attempt to pass a tractor-trailer, and did so while another vehicle was approaching from the opposite direction and without ensuring sufficient time or distance to complete the pass safely. (Compl. at ¶ 22.) The complaint further alleges Pelayo swerved back only to avoid a head-on collision, collided with the tractor-trailer, lost control, and rolled the van multiple times. (Id.) Decedent suffered catastrophic injuries and died eleven days later from incident-related injury complications. (Compl. at ¶¶ 23–25, 34.)

Plaintiffs argue that Defendant's negligent and due process automobile-accident cases are inapposite. Plaintiffs reason that Daniels and Davidson are due process cases rejecting constitutional liability based on mere negligence. However, Plaintiffs argue they have plead more than "mere negligence" because Defendant intentionally maneuvered into oncoming traffic and

accelerated to pass, while oncoming traffic was approaching and without sufficient clearance to complete the pass safely.  Plaintiffs further argue that Hill and Apodaca "driving too fast" cases are materially different from entering oncoming traffic without clearance.  Plaintiffs reason that this case involves more than speed because it concerns an affirmative decision to cross into the oncoming lane, accelerate above the speed limit, while a vehicle is closing approaching and without adequate time/distance to safely complete the maneuver.  (Compl. at ¶ 22.)  Plaintiffs submit that during transport, an inmate is dependent on the drive and Defendant's decision to attempt to overtake placed Decedent in an "actual, particularized danger" he otherwise would not have faced.

In response, Defendant argues Plaintiffs are attempting to elevate a claim grounded in tort to a constitutional violation by claiming she was "reckless."  Defendant reasons that as the driver of the vehicle, she was subject to the same theoretical risk as Decedent.  There are no allegations that support a theory Defendant "actually intended to expose the plaintiff to such risks without regard to the consequences to the plaintiff."  L.W. v. Grubbs, 92 F.3d 894, 899 (9th Cir. 1996).  Although Defendant's negligence actions may not be justifiable, her misjudgments impacted the safety of both her and her passenger.  Further, Plaintiffs fail to acknowledge that the driver of the tractor-trailer was driving over the speed limit on cruise control which reasonably impeded Defendant's attempt to (1) overtake the tractor-trailer and (2) return to the lane safely as the vehicle traveling in the other direction approached.  Thus, the allegations expose Defendant's failure to appreciate the risks because she attempted to overtake a tractor-trailer traveling on cruise control and she misjudged the time and distance necessary to complete the maneuver.

Viewing the allegations in the complaint in Plaintiffs' favor, the complaint fails to state a cognizable constitutional violation to withstand dismissal.  Although Plaintiffs attempt to couch this case as one of constitutional dimension, the allegations in the complaint do not plausibly support such an inference.  Plaintiffs' theory of liability relies on the factual allegations that:

> At or around this time, the subject van was travelling northbound on the single lane SR-43 highway, roughly 0.83 miles north of Nevada Avenue, in an unincorporated City in the County of Kings, California, in route to transport decedent Donald Bell to a medical appointment. At or around that time, defendant Pelayo attempted to overtake a tractor-

7

trailer which was also heading northbound on SR-43 highway and was travelling directly in front of the subject van (hereafter referred to as the "subject tractor-trailer"). Defendant Pelayo navigated the subject van into the southbound lane of traffic and increased her speed well over the speed limit to attempt the overtake, while another vehicle was approaching from the southbound direction towards the subject van. Defendant Pelayo attempted the overtake without ensuring that there was sufficient time or distance to complete the overtake before the approaching southbound vehicle reached the subject van's location. Defendant Pelayo swerved the subject van back into the northbound lane to avoid a head-on collision with the southbound vehicle before she was able to fully and safely overtake the subject tractor-trailer. As a result, the subject van impacted the front left region of the subject tractor-trailer on the subject van's back right side. This impact caused defendant Pelayo to lose control of the subject van, and it proceeded off the eastern edge of the highway, where it began to roll. The subject van rolled multiple times and eventually came to a rest in a dirt area off the eastern edge of the highway[.]

(Compl. at ¶ 22.)

Plaintiffs primarily rely on Farmer v. Brennan and Wallis v. Baldwin, to argue that the facts in this case support an inference of subjective knowledge.[4]  However, neither Farmer nor Wallis saves Plaintiffs' complaint from dismissal.  In Farmer, the Supreme Court held that a prison official's knowledge of the risk may be inferred from circumstantial evidence, including the obviousness of the risk.  Farmer, 511 U.S. at 842.  In Wallis, an inmate brought a § 1983 action when the prison required him to clean the attics without any protection from exposed asbestos.  Wallis v. Baldwin, 70 F.3d 1074, 1075 (9th Cir. 1995).  The Ninth Circuit relied on Farmer in finding Wallis stated a cognizable Eighth Amendment claim based on specific evidence showing that the defendants knew of the existence of and dangers posed by asbestos, which included an assessment report, order by state fire marshal to remove material, a prison log book, and notification by Wallis, himself.  Id. at 1077.  However, in this case there are no factual allegations to support an inference that Defendant had notice or knowledge of a specific risk to the Decedent when she attempted to overtake the tractor-trailer.

The Court agrees with Defendant that the holding in Carrasquillo involves similar circumstances and provides persuasive authority in this instance.  Just as in Carrasquillo,

---

[4] At the hearing, the parties agreed that there is no Supreme Court or Ninth Circuit case on point.  In the absence of binding precedent, the court may look to all available decisional law, including the law of other circuits and district courts. See Carrillo v. County of Los Angeles, 798 F.3d 1210, 1223 (9th Cir. 2015) (finding only in absence of decisional authority by Supreme Court or Ninth Circuit are other sources of decisional law, such as out-of-circuit cases, considered).

Plaintiffs attempt to elevate a state law negligence claim to a constitutional violation by claiming Defendant was "subjectively reckless." Carrasquillo, 324 F.Supp.2d at 437. The facts alleged in this case do not support a plausible inference of "subjective recklessness." Rather, the facts alleged demonstrate Defendant was within her legal rights as she attempted to overtake a tractor-trailer traveling on cruise control and misjudged the time and distance necessary to complete the maneuver. The error in believing that she could safely pass the tractor-trailer sounds in negligence-not deliberate indifference. Indeed, Defendant was subject to the same theoretical risk as Decedent, and it is not a plausible inference that she subjectively disregarded Decedent's safety when attempting this maneuver because her own safety was unequivocally at stake as well. While certainly tragic, "deaths and injuries resulting from a state employee's lack of due care do not implicate the Constitution." Carrasquillo, 324 F.Supp.2d at 436.

Further, this case is easily distinguished from cases which have found a potential claim for deliberate indifference in connection with a car accident. In Brown v. Fortner, 518 F.3d 552, 560 (8th Cir. 2008), the Court found that a cognizable Eighth Amendment violation because "the uncontested evidence indicates Fortner knew Brown was shackled and restrained in a manner that prevented him from securing his own seatbelt. Nonetheless, Fortner rejected Brown's request for a seatbelt. Fortner drove recklessly and ignored requests by the inmate passengers in his van for him to slow down."[5,6]

In Rogers v. Boatright, 709 F.3d 403, 408-09 (5th Cir. 2013), the Court found a cognizable claim for deliberate indifference because the prisoner "alleged that he sustained a serious injury because Jose Garcia operated the prison van recklessly, knowing that there was a substantial risk that Rogers would be injured if the van stopped abruptly because Rogers was shackled in leg irons and handcuffs and was not provided with a seatbelt. Rogers's allegation that

---

[5] However, with regard to Defendant Scott, the Court found the evidence insufficient to support a claim for deliberate indifference stating "that Scott may have driven in a manner that increased the risk of harm to the shackled inmates in the convoy, including Brown. Without more than reckless driving, however, we cannot conclude that Scott's conduct amounted to deliberate indifference." Brown, 518 F.3d at 561.

[6] The Court found the case similar to Brown v. Morgan, 39 F.3d 1184 (8th Cir. 1991) (unpublished), in which "the plaintiff alleged the officer transporting him in the rear of a patrol car refused to let him wear a seatbelt, drove at a high rate of speed in bad weather, refused to slow down despite the requests to do so, and taunted him for being scared under the circumstances."

9

Jose Garcia told another officer that other inmates similarly had been injured the prior week and during other incidents, which "happen [ ] all the time," states more than mere negligence. Garcia's alleged statement, if true, is sufficient to demonstrate that he knew of the risk to Rogers."

In contrast, here, although Defendant increased her speed in attempt to overtake the tractor-trailer, there are no additional allegations to support an inference that she drove in a reckless manner with knowledge of a *specific* danger to Plaintiff. In fact, Defendant swerved the subject van back into the northbound lane to avoid a head-on collision with the southbound vehicle impacting the front left region. (Compl. ¶ 22.) Such allegations amount to nothing more than negligence. See, e.g., Hill v. Shobe, 93 F.3d at 421 (motor vehicle accidents caused by public officials or employees do not rise to the threshold of a constitutional violation actionable under § 1983, absent a showing that the official knew an accident was imminent but consciously and culpably refused to prevent it.") Accordingly, Defendant's motion to dismiss should be granted.[7]

### B. Leave to Amend

Plaintiffs submit that if the Court concludes the complaint's allegations of Defendant's subjective awareness should be pleaded with greater specificity, they can amend to clarify the mental-state allegations and add additional detail consistent with the pleaded incident (e.g., visibility and distance, speeds of the involved vehicles, timing of the oncoming vehicle's approach, and other objective circumstances supporting the inference of actual knowledge).

When a court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no (1) "undue delay," (2) "bad faith or dilatory motive," (3) "undue prejudice to the opposing party" if amendment were allowed, or (4) "futility" in allowing amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir.

---

[7] Because the Court recommends the motion to dismiss for failure to state a claim be granted, the Court need not reach the issue of qualified immunity.

10

2007).

The Court does not find there is an indication that Plaintiffs have engaged in undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, nor would there be futility of amendment or undue prejudice to Defendant.  That said, the Court will recommend granting leave to amend with the understanding that Plaintiffs will do so only to the extent they believe in good faith that they can plead additional factual material that could satisfy the legal standards and deficiencies identified herein.  See Fed. R. Civ. P. 15(a)(2); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Defendant's motion to dismiss the complaint be granted; and

2.      Plaintiffs be granted leave to file an amended complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)** days after being served with these Findings and Recommendations, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 5, 2026**

_____

STANLEY A. BOONE
United States Magistrate Judge

11