**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER JAMES, JR., | No. 1:25-cv-01399 JLT SAB (PC) |
| Plaintiffs, | ORDER DISMISSING ACTION FOR FAILURE TO FILE AN AMENDED COMPLAINT |
| v. | |
| NAOMI PELAYO, | (Doc. 29) |
| Defendant. | |

On March 27, 2026, the Court adopted findings and recommendations to grant Defendant's motion to dismiss and gave Plaintiff, who is represented by counsel, 21 days to file any amended complaint. (Doc. 28.) After Plaintiff failed to file an amended complaint, the Court ordered Plaintiff to show cause on or before May 4, 2026 why the action should not be dismissed. (Doc. 29.) The order advised that "[f]ailure to comply with this order will result in dismissal of the action." (*Id.* at 2.) Plaintiff has failed to file an amended complaint or otherwise communicate with the Court. Without any complaint, the action cannot proceed.

In finding dismissal is appropriate, the Court has considered the factors outlined by the Ninth Circuit for terminating sanctions, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

1

The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Because Plaintiff has stopped this action from proceeding by not filing an amended complaint, the third factor also supports dismissal. Finally, the Court's warning to Plaintiff that the matter would be dismissed satisfies the requirement of considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Consequently, the *Henderson* factors weigh in favor of dismissal for Plaintiff's failure to file an amended complaint. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors"). Thus, the Court **ORDERS**:

    1.    This action is **DISMISSED** without prejudice.

    2.    The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 8, 2026**

UNITED STATES DISTRICT JUDGE

2